IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA WILLIAMS,

                Plaintiff,

   v.

STATE OF WISCONSIN, DEPARTMENT OF
WORKFORCE DEVELOPMENT, DIVISION OF
VOCATIONAL REHABILITATION, and NICHOLAS
LAMPONE, DVR Director, DELORI NEWTON, and
ENID GLENN,

                Defendants.

ORDER

16-cv-475-bbc

---

PATRICIA ANN WILLIAMS,

                Plaintiff,

   v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT,

                Defendant.

ORDER

16-cv-830-bbc[1]

---

     Pro se plaintiff Patricia Ann Williams has filed three documents in both of the above cases: (1) a "Motion to Add DWD, The Division of Employment & Training, to Cases and Attached Documents"; (2) a "Motion to Add Defendants & Witnesses to Plaintiff['s] Amended Complaint"; and (3) a "Motion to Add DVR Investigation Questionnaire and Email to Plaintiff['s] Complaint." I construe the first document as yet another motion by Williams for leave to amend her complaint. Although Williams does not clearly articulate the

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

purpose of her motion, I understand her to be attempting to raise a new claim that the division and its staff violated the Rehabilitation Act by failing to offer her a job. The purpose of the second document is even less clear. Although Williams says she wants to "add defendants [and] witnesses" to her complaint, the document is almost entirely a list of "witnesses" followed by a summary of possible testimony. In the third document, Williams seems to be providing evidence in support of a claim.

For the reasons explained below, I am denying all of Williams's motions.

## ANALYSIS

A. "Motion to Add DWD"

I am denying this motion for multiple reasons. First, Williams has filed her motion in two separate cases. Although Williams asked the court to consolidate these cases, I denied that motion. She cannot raise the same claim in more than one case.

Second, as to case no. 16-cv-475-bbc, it is too late for Williams to amend her complaint. That case has been proceeding since July 1, 2016, and a motion for summary judgment filed by the Department of Workforce Development is pending. Dkt. 24. Williams should focus on preparing her response to that motion rather than making another attempt to expand the scope of her case.

Third, as to both cases, the new claim Williams is trying to raise is unrelated to the claims on which the court granted her leave to proceed. Both cases relate to items in Williams's "individual plan for employment" that Williams believes the department must provide under the Rehabilitation Act. Thus, an unrelated claim about a failure to hire Williams for a job belongs in a separate case. *See* Fed. R. Civ. P. 20 and 21.

Finally, even if the claim could be included in one of Williams's pending cases, I would deny the motion because the proposed claim does not state a claim upon which relief may be granted. In the motion, Williams alleges that the she is disabled and that the department declined to offer her a particular job. However, she does not allege that the department declined to hire her *because* she is disabled, which is a critical element of her claim. 29 U.S.C. § 794(a) (prohibiting discrimination against an individual "by reason of her or his disability"). The Rehabilitation Act prohibits discrimination, but it does not require preferential treatment for disabled applicants or entitle them to particular jobs. *Filar v. Board of Educ. of City of Chicago*, 526 F.3d 1054, 1068 (7th Cir. 2008) ("[A]n employer is not required to give the disabled employee preferential treatment.") (internal quotations omitted).

A day after Williams filed her motion, the department filed a motion to "strike" Williams's motion in the context of case no. 14-cv-475-bbc. Dkt. 33. I am denying this motion as moot in light of my decision to deny the motion as to both cases.

B. "Motion to Add Defendants and Witnesses"

As noted above, most of this document is a list of proposed witnesses and the potential testimony those witnesses will give. Williams does not need to list witnesses in her complaint and she does not need to provide a witness list to the court at this time. Williams should refer to Rule 26 of the Federal Rules of Civil Procedure regarding the proper time and form for disclosing witnesses.

If Williams wanted to amend her complaint in either or both of her cases to add new defendants, I will deny that motion. Williams says nothing in this motion about the defendants she wishes to add or why she wants to add them.

3

**C.  "Motion to Add DVR Investigation"**

For reasons explained in a previous order, I denied Williams's motion in 16-cv-830-bbc to amend her complaint to add a claim regarding alleged retaliation as a result of her participation in an investigation. Because this motion appears to be related to that claim, I am denying the motion as moot. Even if Williams were proceeding on a claim related to the investigation, she would not need to file evidence with the court at this time. In fact, Williams should *not* provide evidence to the court unless it is necessary to support her position on an independent motion. This is explained in the Preliminary Pretrial Conference Order, Dkt. 24 at 7, so Williams should review that document again.

**D.  Instructions for Future Filings**

Since the beginning of this month, Williams has filed five separate motions in these cases, all of which I have denied and some of which were frivolous. Williams must begin to think more carefully about whether her motions are proper. She should carefully review both the Preliminary Pretrial Conference Order and the Federal Rules of Civil Procedure, particularly those rules cited in that order.

In the future, if Williams files any additional motions in any of her cases, she must: (1) identify the Federal Rule under which she is filing the motion; (2) quote the relevant language from the rule that applies to her motion; and (3) explain why her motion is necessary. If Williams fails to do any of these things, the court may deny her motion summarily without requiring any response from the defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Patricia Ann Williams's motion for leave to amend her complaint, Dkt. 32 (in case no. 16-cv-475-bbc), and Dkt. 13 (in case no. 16-cv-830-bbc), is DENIED.

2. Defendant Department of Workforce Development's motion to "strike" Williams's motion, Dkt. 33 (in case no. 16-cv-475-bbc), is DENIED as moot.

3. Williams's "Motion to Add Defendants & Witnesses to Plaintiff['s] Amended Complaint," Dkt. 34 (in case no. 16-cv-475-bbc), and Dkt. 14 (in case no. 16-cv-830-bbc) and "Motion to Add DVR Investigation Questionnaire and Email to Plaintiff['s] Complaint," Dkt. 35 (in case no. 16-cv-475-bbc), and Dkt. 15 (in case no. 16-cv-830-bbc), are DENIED.

Entered February 27, 2017.

                              BY THE COURT:

                              /s/
                              _____

                              JAMES D. PETERSON
                              District Judge