IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                         OPINION and ORDER

          Plaintiff,

                         16-cv-475-bbc

    v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, DIVISION OF VOCATIONAL
REHABILITATION, NICHOLAS LAMPONE,
DELORI NEWTON and ENID GLENN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Patricia Williams receives services from the Division of Vocational Rehabilitation of the Wisconsin Department of Workforce Development to help her find employment. One of the services she receives is the development of an "individualized plan for employment," which outlines the duties and responsibilities of both plaintiff and the division in plaintiff's employment search. In this case, plaintiff is proceeding on claims that defendant Wisconsin Department of Workforce Development and several of its employees violated the Rehabilitation Act by eliminating payments for car repairs and work clothes from the list of vocational services that the state would provide as part of plaintiff's individualized plan for employment; and (2) failing to consult plaintiff before removing those services from the plan.

      Several motions are before the court: (1) defendants' motion for summary judgment,

1

dkt. #24; (2) plaintiff's "motion to dismiss defendants summary judgment," dkt. #37; (3) plaintiff's "motion to reply," dkt. #41; (4) plaintiff's "motion for leave to file sur-reply memorandum," dkt. #45; and (5) plaintiff's "memorandum and motion for consolidation of both cases & add other defendants," dkt. #46. For the reasons explained below, I am granting plaintiff's "motion to reply," denying plaintiff's remaining motions and granting defendants' motion for summary judgment.

## OPINION

### I. PLAINTIFF'S MOTIONS

Plaintiff's motions can be resolved without extended discussion. First, plaintiff's "motion to dismiss defendants' summary judgment" is not easy to follow, but I understand plaintiff to be asking the court to strike defendants' summary judgment motion on the ground that defendants included with the materials they served on her documents for a case filed by a different plaintiff in a different judicial district. That is not a ground for striking or denying a summary judgment motion. Plaintiff does not allege that defendants failed to serve her with all the summary judgment materials related to this case, so plaintiff suffered no prejudice from this mistake. She was free to disregard any documents that did not relate to her case.

Second, in plaintiff's one-paragraph "motion to reply," which she filed approximately one week after defendants filed their summary judgment reply brief, plaintiff does not specify what she is requesting. However, the following day, plaintiff filed belated responses

to defendants' proposed findings of fact, dkt. #42, so I assume she was asking for permission to file those. Defendants later submitted a reply to those responses, dkt. #44, so I see no harm to defendants in considering plaintiff's responses. Accordingly, I will construe plaintiff's "motion to reply" as a motion to file untimely responses to defendants' proposed findings of fact and I will grant the motion.

Third, plaintiff does not explain in her "motion for leave to file sur-reply memorandum" why she wants to file a sur-reply brief. She says generally that she wants to "address[] several arguments made by Defendants in their reply memorandum," but she does identify what those arguments are and she did not attach a proposed sur-reply to her motion. In any event, I did not need to consider any arguments that defendants raised in their reply brief, so I will deny this motion as unnecessary.

Fourth, plaintiff seeks to consolidate this case with another case she filed in this court, <u>Williams v. Department of Workforce Development</u>, No. 16-cv-830-bbc (W.D. Wis.). Because this case is ripe for a decision on summary judgment and case no. 16-cv-830-bbc is just getting started, it makes little sense to combine the two cases. Accordingly, I will deny plaintiff's request for consolidation.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. <u>Background</u>

Plaintiff is proceeding on two claims, both of which arise under the Rehabilitation Act and relate to her "individualized plan for employment." First, she says that defendants

violated the Act by removing "car repairs" and "work clothes" from the list of items that the state would pay for. Second, she says that defendants violated the Act by failing to consult her before removing those items.

Plaintiff devotes much of her 53-page summary judgment brief to a number of other issues that are outside the scope of her complaint and the court's screening order, such as allegations of discrimination and retaliation. Because a plaintiff cannot amend her complaint in a summary judgment brief, Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012), I decline to consider these other issues.

Defendants ask the court to grant them summary judgment as to both of the claims on which plaintiff is proceeding, raising multiple procedural and substantive arguments: (1) the individual defendants cannot be sued under the Rehabilitation Act; (2) plaintiff did not exhaust her administrative remedies as to her claim that defendants improperly removed car repairs from her individualized plan for employment; (3) defendant Department of Workforce Development did not violate the Rehabilitation Act by eliminating car repairs and work clothes from her individual plan for employment because those services were not necessary to achieve plaintiff's employment goals; (4) plaintiff agreed to the changes in her individualized plan for employment, so she was not denied "informed choice"; and (5) the individual defendants are entitled to qualified immunity. In addition, defendants argue that the court is required to give "substantial deference" to the decision of the state administrative law judge, who concluded that the department did not violate the Rehabilitation Act by removing work clothes from plaintiff's plan and that the department

4

did not deny plaintiff "informed choice."

It is unnecessary to consider most of these arguments. Even if I assume that each defendant is a proper party, that plaintiff exhausted her administrative remedies and that the administrative law judge is not entitled to any deference, I conclude that defendants did not violate the Rehabilitation Act with respect to either of plaintiff's claims.

### B. Individualized Plan for Employment

The process for obtaining and implementing an individualized plan for employment as well as the required contents of a plan are outlined in 29 U.S.C. § 722, which is part of the Rehabilitation Act. Generally, the purpose of such plans is to help individuals with disabilities obtain employment. 29 U.S.C. § 722(a)(1). The parties agree that plaintiff suffers from diabetes and anxiety and defendants do not challenge plaintiff's eligibility for receiving a plan, so I do not consider that issue.

The task of implementing an individualized plan for employment is shared by both the individual with a disability (the parties call this person the "consumer") an the "designated state agency," which the parties agree is the Wisconsin Department of Workforce Development. Each plan must include "a description of the specific employment outcome that is chosen by the eligible individual" and "a description of the specific vocational rehabilitation services that are . . . needed to achieve the employment outcome," among other things. 29 U.S.C. § 722(b)(4). I will discuss other provisions of the Act as they become relevant to the discussion.

At the time relevant to this case, plaintiff's long-term employment goal was to become a "training/employment specialist" or "career counselor." Dkt. #29-4, exh. 1007 at 25. (Plaintiff later changed her goal to becoming a "civil rights attorney." Id. at 72.) Her September 2015 individualized plan for employment included "primary services" for "job search assistance," "vocational guidance/counseling," "state LTE/internship," "computer system, printer, software" and "diabetic dress shoes for work." Dkt. #30-1, exh. 1000. Her "secondary services" included "vehicle repairs—if necessary," "work clothing—as needed," "transportation—mileage reimbursement for job search as needed" and "transportation—parking while participating in state LTE/internship."

In plaintiff's April 2016 individualized employment plan, the items related to computers and clothes were removed. The item for vehicle repairs was replaced with "final vehicle repair—repair/replacement of front brake pads/rotors" and "taxi cab fare—for transportation to/from work when personal vehicle is not available." Dkt. #30-2, exh. 1001.

C. Decision to Stop Paying for Car Repairs and Work Clothes

As I noted in the screening order, § 722 describes the type of information that must be included in an individualized plan for employment, but the Act does not say whether or when the state must pay for particular services. Following a number of other courts that have addressed the issue, I reached a tentative conclusion in the screening order that the state must pay for services that are "necessary" to achieve the individual's employment goals. Millay v. Maine, 986 F. Supp. 2d 57, 72 (D. Me. 2013); Yochim v. Gargano, 882 F. Supp.

6

2d 1068, 1080 (S.D. Ind. 2012); Carrigan v. New York State Education Dept., 485 F. Supp. 2d 131, 138 (N.D.N.Y. 2007). In light of the lack of authority in this circuit, I invited the parties' to address in their summary judgment submissions whether "necessity" is the appropriate standard. Defendants agree with that standard and plaintiff does not challenge it, so I see no reason to consider that issue again. Accordingly, the key question is whether plaintiff can show that car repairs and work clothes were "necessary" services for achieving her employment goals. (Defendants also argue that plaintiff has not submitted evidence of discriminatory intent, but they point to no provision in § 722 that would require plaintiff to prove that, so I do not consider that issue.)

As to car repairs, defendants point to a change in state policy that required consumers to pay for their own car repairs. Dfts.' PFOF ¶ 36, dkt. #44. As a substitute, plaintiff's new individualized plan for employment authorized taxi cab fare for work-related travel "when [her] personal vehicle is not available." Dkt. #30-2, exh. 1001. In addition, the plan authorized one last payment for repairs that plaintiff said she needed at the time. Dfts.' PFOF ¶ 44, dkt. #44.

Defendants offer two reasons for removing work clothes from plaintiff's plan. First, the department had paid plaintiff $250 for work clothes a few months earlier. Id. at ¶ 48. Second, because plaintiff was not employed at the time, she did not need more work clothes. Id. at ¶ 46. However, Patrick Schultz (plaintiff's vocational counselor) informed her that clothes could be included in her plan again if they became necessary. Id. at ¶ 47.

These explanations are reasonable on their face. Even assuming that the department

7

has an obligation to assist plaintiff with her transportation costs, car repairs would not be necessary if the department agrees to pay for alternative transportation when it is needed. Similarly, new work clothes would not be necessary because plaintiff had just purchased clothes and had not identified any reason why she needed more clothes at the time.

Plaintiff does not cite any contrary evidence or otherwise challenge the substance of defendants' decisions in her summary judgment brief. In particular, she does not identify any instances in which she was unable to reach a job interview or other work-related event because she did not have transportation and she does not identify any clothes she needed but did not have. Accordingly, I conclude that defendants are entitled to summary judgment on this claim.

### D. Failure to Consult Plaintiff before Changing Plan

I allowed plaintiff to proceed on a claim that defendants violated the Rehabilitation Act by failing to consult her before deciding to remove car repairs and work clothes from her individualized plan for employment. I relied on 29 U.S.C. § 722(b)(3)(E), which states that "[t]he individualized plan for employment shall be . . . amended, as necessary, by the individual . . . , in collaboration with a representative of the designated State agency or a qualified vocational rehabilitation counselor (to the extent determined to be appropriate by the individual), if there are substantive changes in the employment outcome, the vocational rehabilitation services to be provided, or the . . . providers of the services." More generally, § 722(b)(2)(B) states that the plan should give individuals "the opportunity to exercise

informed choice" about a number of matters, including "the specific vocational rehabilitation services to be provided under the plan."

In response to this claim, defendants point out that plaintiff signed the April 2016 plan that she is challenging in this case. Dkt. #29-4, exh. 10071 at 31. Above her signature, plaintiff marked boxes next to the statements that "I have been offered the choice to develop my own plan," "I have been offered assistance in creating my employment plan" and "I have been given choices to assist me in creating my employment plan." Id.

Plaintiff says that she was "coerced" into signing the plan because that was the only way that the department would pay for the car repairs that she needed at the time. Dkt. #38 at 44-45. However, the question whether plaintiff felt pressure to sign the form is different from the question whether plaintiff had notice and an opportunity to object to the changes in the plan. Plaintiff does not cite any provision in the Rehabilitation Act that prohibits the department from implementing a plan unless she is satisfied with it. That would be inconsistent with the rule noted above that an individual does not have a right to require the state to pay for a service unless the service is necessary to achieve the individual's employment outcome. Buchanan v. Ives, 793 F. Supp. 361, 366 (D. Me.1991) ("Although the client must be given every opportunity to participate in the decision-making, the rehabilitation counselor must make the final decision on eligibility and the scope of services provided.").

Even if I assume that defendants did not give plaintiff an adequate opportunity to explain her objections before they adopted the new plan, she has not identified any harm

9

that she suffered as a result or a remedy that she would be entitled to receive. The most obvious remedy would be to require defendants to reconsider plaintiff's plan after giving her another opportunity to explain her needs. However, plaintiff has already received that opportunity in the form of an administrative hearing before the Wisconsin Division of Hearings and Appeals. Dkt. #29-4. Plaintiff does not argue that she was precluded from raising any issue she wished to raise before the administrative law judge. Thus, any procedural error has been cured.

As for money damages, it seems unlikely that they are available. Section 722(c)(5)(J)(ii)(III) authorizes a district court to "grant such relief as the court determines to be appropriate," but the word "appropriate" may be too vague to include an award of money damages against a state agency or its employees acting in their official capacity. Sossamon v. Texas, 563 U.S. 277 (2011) (phrase "appropriate relief" in Religious Land Use and Institutionalized Persons Act is not sufficiently clear to justify award of money damages against state). Some courts have held that a plaintiff bringing a claim under § 722 is entitled to "equitable reimbursement" for the expenses that the state should have paid for, e.g., Millay, 986 F. Supp. 2d at 76, but I have concluded that defendants did not violate the Rehabilitation Act by removing the services in dispute from plaintiff's plan, so that would not be an appropriate remedy. Accordingly, I will grant defendants' summary judgment motion as to this claim as well.

### E. Terminating Services Pending Appeal

Throughout her summary judgment brief, plaintiff argues multiple times that defendants violated her rights by removing services from her individualized plan for employment while an administrative appeal was pending. Presumably, plaintiff means to rely on 29 U.S.C. § 722(c)(7):

> Unless the individual with a disability so requests, or, in an appropriate case, the individual's representative, so requests, pending a decision by a mediator, hearing officer, or reviewing officer under this subsection, the designated State unit shall not institute a suspension, reduction, or termination of services being provided for the individual, including evaluation and assessment services and plan development, unless such services have been obtained through misrepresentation, fraud, collusion, or criminal conduct on the part of the individual, or the individual's representative.

I did not allow plaintiff to proceed on this claim and she did not seek reconsideration of that decision. However, a review of plaintiff's complaint reveals that she included an allegation that "there [was] an appeal process tak[ing] place" when defendants removed the services at issue and that "no services are to be removed, terminated or reduce[d] during an appeal." Dkt. #1.

Even if I consider the merits of the claim, it fails for a simple reason. Plaintiff does not cite any evidence that defendants denied her any services that she needed while the appeal was pending. First, it is undisputed that the department agreed to pay for the car repair that plaintiff requested at the time. Further, as noted above, plaintiff does not identify any work clothes that she needed at the time. Accordingly, I see no violation of § 722(c)(7).

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams's "motion to reply," dkt. #41, is construed as a motion for leave to file untimely responses to the proposed findings of fact filed by defendants Wisconsin Department of Workforce Development, Nicholas Lampone, Delori Newton and Enid Glenn and the motion is GRANTED.

2. Plaintiff's "motion to dismiss defendants summary judgment," dkt. #37, "motion for leave to file sur-reply memorandum," dkt. #45, and "memorandum and motion for consolidation of both cases & add other defendants," dkt. #46, are DENIED.

3. Defendants' motion for summary judgment, dkt. #24, is GRANTED.

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 5th day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge