IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                            ORDER

               Plaintiff,

                                            16-cv-475-bbc

     v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, DIVISION OF VOCATIONAL
REHABILITATION, NICHOLAS LAMPONE,
DELORI NEWTON and ENID GLENN,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered on May 5, 2017, granting defendants' motion for summary judgment. Now plaintiff has filed a notice of appeal and motion for extension of time. In addition, plaintiff requests that she be allowed to waive the appeal filing fee.

Because the judgment was entered in this case on May 5, 2017, plaintiff's 30-day deadline for filing a notice of appeal was on June 5, 2017. A district court may extend the time to file a notice of appeal if a party moves no later than 30 days after the time prescribed by Rule 4(a) expires and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Plaintiff's motion does not meet either of these requirements.

First, plaintiff's notice of appeal was received by the court on August 11, 2017, 67 days after the 30-day deadline for appealing the court's May 5, 2017 judgment closing this case. Plaintiff does not explain why her notice of appeal was received more than two months after the time for filing her appeal expired. She says only that "the court must allow a party

a reasonable time to cure its failure," but that is not the correct standard and, even it was, she has not even attempted to show that her delay was reasonable.

Because the notice of appeal was received by the court on August 11, 2017, more than three months after entry of judgment, the appeal may be untimely. However, only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). Therefore, I will consider plaintiff's request for leave to proceed in forma pauperis on appeal.

Fed. R. App. P. 24(a) provides that if a plaintiff has been granted leave to proceed in forma pauperis in this court, she "may proceed on appeal in forma pauperis unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Because plaintiff has identified no grounds for filing her notice of appeal so far past the deadline for doing so, I conclude that her appeal is not taken in good faith and I am denying her request to proceed in forma pauperis.

Because I am certifying that plaintiff's appeal is not taken in good faith, she cannot proceed with her appeal without prepaying the $505 filing fee unless the court of appeals gives her permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this court's denial of her request for leave to proceed in forma pauperis on appeal. With her motion, plaintiff must include a copy of this order in addition to the notice of appeal and affidavit she filed previously.

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams's motion for an extension of time to appeal is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED.

Entered this 17th day of August, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge